NAZARETH M. HAYSBERT [CA SBN 294431]
 *nazareth@haysbertmoultrielaw.com*
JAMES L. MOULTRIE III [CA SBN 296805]
 *james@haysbertmoultrielaw.com*
**HAYSBERT MOULTRIE, LLP**
555 West Fifth Street, Suite 3145
Los Angeles, California 90013
Tel:  (213) 533-4130
Fax:  (310) 424-7140

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BERNIE BANUELOS<br><br>       Plaintiff,<br><br>       v.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | Case No. 2:15-CV-03273-PA (RAOx)<br><br>**JOINT MOTION IN LIMINE NO. 4 TO EXCLUDE TESTIMONY OF DEFENDANT'S EXPERT DR. JERALD UDINSKY**<br><br>Honorable Percy Anderson<br>United States District Judge<br><br>Hearing Date:  September 5, 2016<br>Trial Date: September 13, 2016 |

# TABLE OF CONTENTS

I. PLAINTIFF'S INTRODUCTION ...................................................................1

II. FACTUAL BACKGROUND .........................................................................1

III. LEGAL STANDARD ....................................................................................2

IV. PLAINTIFF'S ARGUMENT .........................................................................2

   A. Dr. Udinsky's Opinions Contain Inadmissable Legal Conclusions ..........2

   B. Dr. Udinsky's Opinions Are Based On Speculation And False Assumptions ................................................................................................3

V. PLAINTIFF'S CONCLUSION ......................................................................4

VI. DEFENDANT'S INTRODUCTION .............................................................4

VII. DEFENDANT'S ARGUMENT .....................................................................5

   Defendant's Argument ....................................................................................5

   A. Plaintiff Failed to Provide Timely Disclosure, Failed to Meet and Confer in Person or in Writing, and Then Untimely Served the Motion in Limine. .............................................................................................................5

   B. The Motion in Limine Should Be Denied Because Plaintiff's Lack of Economic Damages Is the Proper Subject of Expert Testimony ...............8

   C. The Motion in Limine is Counsel's Argument, at Most, Goes to the Weight, Not Admissibility of the Evidence. ...............................................9

VIII. DEFENDANT'S CONCLUSION ................................................................11

   Defendant's Argument ..................................................................................11

IX. PLAINTIFF'S REPLY ................................................................................11

   A. Plaintiff Provided Timely Disclosure, Repeatedly Offered to Meet and Confer, and Timely Served Plaintiff's Motions in Limine. ......................11

   B. Dr. Udinsky's Testimony Is Inadmissible And Must Be Excluded. .........13

X. PLAINTIFF'S CONCLUSION ...................................................................15

# TABLE OF AUTHORITIES

**Cases**

Best v. Lowe's Home Ctrs., Inc., 563 F3d 171 (6th Cir. 2009) .......................... 10, 14

Hangarter v. Provident Life and Accident Ins. Co., 373 F.3d 998, 1016 (9th Cir. 2004) ................................................................................................................ 2, 15

Kudabeck v. Kroger Co., 338 F.3d 856 (8th Cir. 2003) .................................... 10, 15

Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F3d 72 (1st Cir. 2004) ... 10, 14

Nationwide Transp. Fin. v. Cass Info. Sys., Inc., 523 F.3d 1051, 1058-60 (9th Cir. 2008) ................................................................................................................ 2, 15

Ollier v. Sweetwater Union High School Dist., 768 F.3d 843, 861 (9th Cir. 2014) 3, 9, 14

Primiano v. Cook, 598 F.3d 558 (9th Cir. 2010) ..................................................... 11

United States v. Geston, 299 F.3d 1130, 1136 (9th Cir. 2002) .......................... 2, 16

United States v. Heller, 551 F.3d 1108 (9th Cir. 2009) ............................................ 9

**Rules**

Fed. R. Evid. 702 ............................................................................................... 2, 14

## I. PLAINTIFF'S INTRODUCTION

Plaintiff respectfully submits this memorandum of points and authorities in support of his motion for an order *in limine* to exclude from testifying Dr. Jerald Udinsky, who has been designated as an expert by Defendant United States of America.[1] Dr. Udinsky's proposed testimony contains inadmissible legal conclusions, and is based on unsupported assumptions and speculation. Accordingly, such testimony should be excluded.

## II. FACTUAL BACKGROUND

On May 5, 2016, Defendant submitted an expert report from Dr. Udinsky, which purported to analyze the potential earning capacity of Plaintiff. After detailing Plaintiff's criminal and medical history, the report stated that Dr. Udinsky was unable to calculate an earning capacity for Plaintiff based on the inadmissible legal conclusion that such a calculation was speculative and uncertain. Declaration of Nazareth M. Haysbert ("Haysbert Decl."), Ex. U. The report also stated that no calculations were made for future medical costs, or loss of value of life. *Id*.

On May 26, 2016, Defendant submitted a rebuttal expert report from Dr. Udinsky, purporting to rebut the report of Plaintiff's expert Stephanie Rizzardi. *Id*., Ex. V. Based on the unsupported assumption that Plaintiff's only injury potentially attributable to Defendant is Plaintiff's foot drop, Dr. Udinsky opined that Plaintiff would not suffer any economic loss with respect to earning capacity, because he could still perform the job of a barber with an orthotic device for his foot. *Id*. The report also incorporated future care costs based on a life care plan

---

[1] Unless otherwise noted, citations to exhibits in Plaintiff's Motion and Plaintiff's Reply are to exhibits contained in the Declaration of Nazareth M. Haysbert, filed concurrently herewith. Citations to exhibits in Defendant's Opposition are to the Declaration of Ruth M. Kwon, filed concurrently herewith.

prepared by Defendant's expert Linda Olzack. *Id.* Finally, to rebut the report of Rizzardi, he largely opines that she fails to take his criminal history and substance abuse into account, and fails to account for his purportedly "significant pre-existing medical conditions." *Id.*

## III. LEGAL STANDARD

An expert's opinion is admissible if: (1) the opinion is based on "scientific, technical, or other specialized knowledge;" (2) it will "help the trier of fact" in understanding a fact in issue; (3) the expert has appropriate qualifications; and (4) the opinion is reliable. Fed. R. Evid. 702. Aside from the preliminary assessment of whether a proffered witness qualifies as an expert, several items are improper as expert testimony. Expert testimony consisting of opinions on ultimate issues of law is inadmissible. *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058-60 (9th Cir. 2008); *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (quoting *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002)). Nor may an expert instruct the fact-finder regarding the applicable law, which is the exclusive and distinct province of the trial court, or make credibility determinations, which is the exclusive role of the fact-finder. *See United States v. Geston*, 299 F.3d 1130, 1136 (9th Cir. 2002). Finally, expert opinions based on speculative assumptions are also inadmissible. *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 861 (9th Cir. 2014).

## IV. PLAINTIFF'S ARGUMENT

### A. Dr. Udinsky's Opinions Contain Inadmissable Legal Conclusions

Expert testimony consisting of opinions on ultimate issues of law is inadmissible and an expert may not instruct the fact-finder at trial regarding the applicable law. In Dr. Udinsky's report, he repeatedly states that Plaintiff's

2

PLAINTIFF'S MOTION IN LIMINE NO. 4

damages are "speculative and uncertain" and attempts to instruct the court regarding the legal standard for damages. Haysbert Decl., Ex. U at 8 of 11, 12 of 11; Ex. V at 6 of 10, 10 of 10. Whether Plaintiff's claim for damages for lost earning capacity and/or loss of the value of life are "speculative or uncertain" is a conclusion of law that is not for the expert to decide. Dr. Udinsky should be precluded from presenting such inadmissable testimony at trial.

### B. Dr. Udinsky's Opinions Are Based On Speculation And False Assumptions

Expert opinions based on speculative assumptions are also inadmissible. *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 861 (9th Cir. 2014). Dr. Udinsky's opinions are based on multiple unsupported and speculative assumptions, and therefore should be excluded.

Without ever meeting Plaintiff or discussing his current status with anyone, Dr. Udinsky opined in his first expert report that any damages for Plaintiff's lost earning capacity were far too "speculative and uncertain" given Plaintiff's criminal history and lack of consistent employment in the past. Haysbert Decl., Ex. U at 8 of 11. Dr. Udinsky did not consider the fact that Plaintiff had over 1,800 hours of training as a barber while in prison, or whether Plaintiff had undertaken other steps to increase his employability before he was injured. *See id.* Instead, Dr. Udinsky's opinion is based on the speculative assumption that because most persons with criminal histories will offend again, Plaintiff will likely offend again, and therefore Plaintiff is not entitled to damages for lost earning capacity after he leaves prison. Such speculative assumptions are inadmissible.

In his rebuttal report, Dr. Udinsky considers Plaintiff's training as a barber. However, Dr. Udinsky again relies on a speculative and unsupported assumption: Dr. Udinsky assumes that Plaintiff's only injury possibly attributable to

Defendant's negligence is his foot drop, and that therefore Plaintiff has no lost earning capacity because he can still perform work as a barber with an orthodic device. Haysbert Decl., Ex. V at 5 of 10. Dr. Udinsky is not qualified to testify as an expert regarding whether any of Plaintiff's injuries were or were not connected to Defendant's delay in care. He is an economist, not a doctor. Moreover, Dr. Udinsky admits that he relied on the expert opinion of Dr. Duncan McBride, in which Dr. McBride "suggested" that Plaintiff's back injury was due to "congenital or childhood acquired back conditions." Haysbert Decl., Ex. V at 4 of 10. However, there is absolutely no evidence in the record supporting such a "suggestion" that Plaintiff had a pre-existing back condition. Thus, even Dr. Udinsky's rebuttal opinion regarding Plaintiff's earning capacity is based on an unsupported assumption, and must be excluded.

Here, Dr. Udinsky's opinion is essentially that because Plaintiff has a criminal history and had a limited work history before he was incarcerated, he should not be awarded any damages for lost earning capacity or loss of the value of life. However, the fact that Defendant's negligence happened to permanently injure someone who has a criminal history and limited prior work history does not make Defendant any less liable for that harm, and does not make Plaintiff any less entitled to recover damages for such harm. Accordingly, Dr. Udinsky's testimony should be excluded.

## V. PLAINTIFF'S CONCLUSION

Accordingly, Plaintiff respectfully moves this Court for an order *in limine* to exclude from testifying Dr. Udinksy.

## VI. DEFENDANT'S INTRODUCTION

### Defendant's Introduction

1  Plaintiff's Motion in Limine No. 4 to exclude Dr. Udinsky from testifying
2  should be denied because Plaintiff's motion is not in compliance with the Court's
3  Scheduling Order, and it is contrary to law.  Defendant properly designated Dr.
4  Udinsky as an expert economist to testify regarding Plaintiff's economic damages.
5  Dr. Udinsky is a qualified expert who will provide relevant testimony regarding
6  Plaintiff's lack of economic damages, and the proper calculation methodology of
7  any damages.  In his motion in limine, Plaintiff seeks to exclude Dr. Udinsky from
8  testifying because Plaintiff claims that his expected testimony will contain "legal
9  conclusions" and testimony regarding "ultimate issues."  Plaintiff improperly seeks
10 to have the Court determine the weight of Dr. Udinsky's testimony, rather than
11 waiting to cross-examine him at trial.  Accordingly, the Court should deny
12 Plaintiff's motion in limine.

## VII. DEFENDANT'S ARGUMENT

### Defendant's Argument

**A.  Plaintiff Failed to Provide Timely Disclosure, Failed to Meet and Confer in Person or in Writing, and Then Untimely Served the Motion in Limine.**

Plaintiff's Motion in Limine No. 4 should be denied because he failed to comply with this Court's Scheduling Order regarding motions in limine.  By Order dated December 10, 2015, the Court required that counsel contemplating a motion in limine arrange for a conference at the office of the moving party or by telephone, if one party's counsel is not located in the same county. Dkt. No. 13, ¶ 6. The Court's Order required that a letter requesting such conference identify the evidence alleged to be inadmissible and/or prejudicial and state briefly the party's positions, with the terms of the order sought. Dkt. No.  13, ¶6(a). Further, the Court's Order required that the moving party shall <u>serve</u> its portion of the Joint

1  Motion in Limine, 14 days prior to the date for filing of motions in limine.  Dkt.
2  No. 13, ¶6(b).  By reference to the Court's amended Schedule of Trial and Pretrial
3  Dates (Dkt. No. 18), the deadline for a conference was July 15, 2016, and the
4  deadline for movant's portions of the joint motions in limine to be served was July
5  22, 2016.
6       Plaintiff rebuffed Defendant's every effort to plan for the multiple joint
7  filings required by the Court's Orders and the Local Rules.  Defendant's counsel,
8  in good faith, attempted to hold a Local Rule 16-2 Conference, where evidentiary
9  matters, including motions in limine could be discussed.  See Kwon Decl. Ex. C;
10 see also L.R. 16-2.6.  However, Plaintiff's counsel intentionally delayed, such that
11 an impromptu 16-2 Conference was held, in haste, in the break between two
12 depositions, with only one of Defendant's trial counsel present.  See Kwon Decl.
13 Ex. C.  Thereafter, Defendant's counsel sent a letter regarding its anticipated
14 motion in limine and offering times for a conference, but Plaintiff's counsel did not
15 respond to the letter until after the offered dates and times had passed.  Kwon Decl.
16 Ex. B.  Rather than engaging in a good faith effort to meet and confer regarding
17 Defendant's motion in limine, Plaintiff's counsel sent a letter requesting a meet
18 and confer regarding six of Plaintiff's anticipated motions in limine, offering only
19 dates that were after the deadline to confer.  Kwon Decl. Ex. B.  Four days later,
20 Plaintiff's counsel followed his untimely letter with another requesting a meet and
21 confer, this time listing the titles of five additional motions in limine.  Kwon Decl.
22 Ex. D.  Plaintiff provided the title of Motion in Limine No. 1 no earlier than July
23 14, 2016.  Kwon Decl. Ex. C.
24      Despite Plaintiff's unwillingness to discuss Defendant's motion in limine
25 and his untimeliness, Defendant's counsel contacted Plaintiff's counsel by
26 telephone requesting a return call.  Kwon Decl. ¶8, Ex. E.  Plaintiff's counsel did
27 not call back to hold a conference, but rather attempted to delay the meet and
28

confer further. Kwon Decl. ¶9, Exs. F & G. After the repeated attempts to set a date to meet and confer, Defendant's counsel requested that Plaintiff's counsel provide written explanation regarding the content of Plaintiff's anticipated motions in limine. Kwon Decl. Ex. H. Plaintiff's counsel did not do so. Kwon Decl. ¶ 11.

On July 22, 2016, the day that the movant's portions of any motions in limine were due, Defendant's counsel sent Plaintiff's counsel, via US mail and email, Defendant's single motion in limine, with all supporting exhibits. Kwon Decl. Ex. I. Defendant's counsel requested that Plaintiff's counsel, in turn, provide his motions in limine via email before the close of business. Kwon Decl. Ex. I. Plaintiff's counsel first refused to send his portions of the motions in limine, claiming that he would serve by mail that day (July 22) instead. Kwon Decl. Ex. o. However, Plaintiff's counsel sent his motions in limine, by email just before midnight on July 22, 2016, despite being informed that neither counsel would have remote access to email after close of business on July 22. Kwon Decl. Exs. K&L. Plaintiff then served the motions in limine, by mail, no earlier than Saturday, July 23, 2016, the day after the motions in limine were due. Kwon Decl. Ex. M. Defendant's counsel did not have an opportunity to begin to review the motions in limine until Monday, July 25, 2016. Kwon Decl. ¶17.

Prior to midnight, on Friday, July 22, 2016, Plaintiff did not provide any notice regarding the evidence in dispute "in a good faith effort to eliminate the necessity for hearing the motion in limine or to eliminate as many of the disputes as possible." Dkt. No. 13, ¶6. Rather, Plaintiff's counsel's attempts to meet and confer were made in haste and without any explanation of the evidence in dispute or legal grounds for Plaintiff's position. Despite the Court's Order requiring specificity in writing and a follow-up letter from Defendant's counsel requesting more information regarding any of Plaintiff's 11 anticipated motions in limine, Plaintiff provided only the inscrutable titles of his motions. See, e.g., Kwon Decl.

Exs. B, D. Had Plaintiff's counsel explained the grounds for Plaintiff's motions in limine, counsel might have discussed the groundless and duplicative nature of the anticipated motions in limine. Instead, Plaintiff sent nine untimely disclosed and served motions in limine, resulting in the reallocation of Defendant's scarce resources during trial preparation and wasting judicial resources. Plaintiff's Motion in Limine No. 4 should be denied.

### B. The Motion in Limine Should Be Denied Because Plaintiff's Lack of Economic Damages Is the Proper Subject of Expert Testimony

Dr. Udinsky's expert testimony is relevant to rebut Plaintiff's claimed economic damages. Dr. Udinsky is an expert who is qualified to testify in this regard. Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Dr. Udinsky is qualified to testify as an expert economist, as he has done hundreds of times in the past. Dr. Udinsky holds both a Master's Degree and a Ph.D. in Economics, and he has worked as an expert economist for over forty years. Dr. Udinsky's knowledge, skill, experience, training, and education will assist the Court in understanding relevant issues related to Plaintiff's alleged economic loss. See Fed. R. Ev. 702(a). Dr. Udinsky's expert opinions are based on his review of relevant records in this case, his review of economic data and literature, and his calculations. See Fed. R. Ev. 702(b); Kwon Decl. Exs. Q&R.

Dr. Udinsky is expected to testify regarding his conclusions that Plaintiff's reasonable economic loss, if any, is very substantially less than any numbers suggested by Plaintiff's experts. Plaintiff may not agree with Dr. Udinsky's calculations and conclusions, but that does not render Dr. Udinsky's testimony inadmissible. Accordingly, Plaintiff's motion in limine should be denied.

### C. The Motion in Limine is Counsel's Argument, at Most, Goes to the Weight, Not Admissibility of the Evidence.

In his motion in limine, Plaintiff confuses the standard for excluding evidence with the ability to cross-examine Dr. Udinsky at trial. "In non jury cases such as this one, 'the district judge is given great latitude in the admission or exclusion of evidence.'" Ollier v. Sweetwater Union High School Dist., 768 F.3d 843, 859 (9th Cir. 2014) quoting Hollinger v. United States, 651 F.2d 636, 640 (9th Cir.1981). Any concerns about unfair prejudice or confusing a jury are not at issue in the Court trial of this case. See United States v. Heller, 551 F.3d 1108, 1112 (9th Cir. 2009), cert. denied, 556 U.S. 1253 (2009) ("Because the judge rules on this evidentiary motion, in the case of a bench trial, a threshold ruling is generally superfluous. It would be, in effect, 'coals to Newcastle,' asking the judge to rule in advance on prejudicial evidence so that the judge would not hear the evidence.").

Plaintiff's argument is both legally and factually wrong. Fed. R. Ev. 704(a) provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue." Moreover, this case is to be tried by the Court rather than a jury. There is no concern about the Court being swayed by an expert's legal conclusions, if any, or evidence that the Court later determines to be inadmissible. E.E.O.C. v. Farmer Bros. Co., 31 F.3d 891, 898 (9th Cir. 1994) (It is well-settled that "in a bench trial, the risk that a verdict will be affected unfairly and substantially by the admission of irrelevant evidence is far less than in a jury trial.").

Moreover, Plaintiff's argument regarding "speculation" and "false assumptions" goes to weight, not admissibility.  See, e.g., Best v. Lowe's Home Ctrs., Inc., 563 F3d 171, 181-182 (6th Cir. 2009) (perceived weaknesses in expert's methodology goes to weight, not admissibility); Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F3d 72, 81 (1st Cir. 2004) (objection regarding scope of expert's investigation goes to weight, not admissibility); Kudabeck v. Kroger Co., 338 F.3d 856, 861(8th Cir. 2003) (attacks regarding completeness of doctor's causation testimony go to weight, not admissibility).

The Ninth Circuit has held that the "correctness of the expert's conclusion" is not the proper subject of a motion in limine.  See Primiano v. Cook, 598 F.3d 558, 565 (9th Cir. 2010) (as amended).  "When an expert meets the threshold established by Rule 702 as explained in Daubert, the expert may testify and the [fact finder] decides how much weight to give that testimony.  Id. at 565.  Dr. Udinsky's expert testimony more than exceeds the threshold established by Rule 702; Plaintiff's motion in limine should be denied.

The Court is well-equipped to handle any purported issues at the time of trial.  "[A] motion in limine should not be used to resolve factual disputes or weigh evidence."  BNSF Railway Co. v. Quad City Testing Lab., Inc., No. CV-07-170-BLG-RFC, *1, 2010 WL 4337827 (D. Mont. 2010), citing C&E Services, Inc. v. Ashland, Inc., 539 F.Supp.2d 316, 323 (D.D.C. 2008).  Unless evidence is "inadmissible on all potential grounds… evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."  Id. (citations omitted).  The Court need not weigh the evidence and expected testimony at this time because Plaintiff will have the opportunity to cross-examine Dr. Udinsky at trial.  Accordingly, Plaintiff's motion in limine should be denied.

## VIII. DEFENDANT'S CONCLUSION

### Defendant's Argument

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion in Limine No. 4.

## IX. PLAINTIFF'S REPLY

### A. Plaintiff Provided Timely Disclosure, Repeatedly Offered to Meet and Confer, and Timely Served Plaintiff's Motions in Limine.

Plaintiff's Motions in Limine should not be denied based on Defendant's counsel's mischaracterization of the facts regarding Plaintiff's efforts to meet and confer with Defendant's counsel, and the timing of Plaintiff's disclosure and service of Plaintiff's motions in limine.

Plaintiff did not "rebuff[] Defendant's every effort to plan for the multiple joint filings required by the Court's Orders and the Local Rules." To the contrary, Plaintiff's counsel repeatedly attempted, in good faith, to hold a Local Rule 16-2 Conference. On July 14, Plaintiff's counsel sent an e-mail responding to Defendant's request to meet and confer, noting that Plaintiff's counsel had been booked solid on another case for the prior two days, and requesting to meet and confer on July 18 or July 19. Declaration of Nazareth M. Haysbert ("Haysbert Decl."), Ex. B; *see also* Ex. C (letter dated July 14 requesting to meet at Defendant's counsel's office on July 19 to discuss Plaintiff and Defendant's motions in limine); Ex. E (e-mail dated July 15 reiterating offer to meet in person at Defense counsel's office on July 18 or July 19). Defense Counsel responded in a letter dated July 15, 2016, stating that Defense counsel could not meet "at any time", and that meeting on July 19, would be contrary to the Court's Order that the parties meet by July 15, 2016. Ex. D. However, Defense Counsel cited no authority for the arbitrary July 15 deadline. See Ex. E. Instead, Defense Counsel

1  appears to have misread the Judge's Scheduling Order of December 10, 2015. Dkt
2  13. According to Page 6, starting with line 17, the conference of the parties,
3  pursuant to a letter requesting such conference, must be held within seven days of
4  service of the letter requesting such conference. As such, requesting a meet and
5  confer be scheduled for July 18 or 19, was a reasonable request that Defense
6  Counsel elected to ignore.
7        Thereafter, Plaintiff's counsel made repeated efforts to meet and confer with
8  Defense counsel. E.g., Ex. H (letter dated July 18 requesting to meet and confer);
9  Ex. I (e-mail dated July 19 explaining history of attempts to meet and confer with
10 Defense Counsel and requesting to meet and confer any time before July 22 at
11 Defense counsel's office); Ex. L (e-mail dated July 19 offering to meet and confer
12 anytime that evening or the following day); Ex. O (e-mail from Defense counsel
13 stating Ms. Jonson was too busy to find time to meet and confer); Ex. P (e-mail
14 dated July 20 requesting to meet and confer). Plaintiff concedes that both parties
15 likely could have saved time if they had been able to meet and confer about the
16 motions in limine in advance, but the failure to do so was not due to Plaintiff
17 rebuffing Defendant's efforts. To the contrary, it was due to Defense counsel's
18 arbitrary and unsupported refusal to meet after July 15, 2016.
19
20       Regardless of those issues, the motions in limine were timely served. On
21 July 22, 2016, the same day that Defendant's counsel sent Defendant's motion in
22 limine via U.S. mail and e-mail, Plaintiff's counsel sent Defendant's counsel each
23 of Plaintiff's motions in limine via e-mail and U.S. mail as well. While Plaintiff's
24 counsel was unable to send the motions in limine before Defendant's close of
25 business, the parties had never discussed such a deadline and the Court's order did
26 not require such a deadline. Plaintiff provided the motions in limine via e-mail
27 before midnight on July 22, 2016. Plaintiff's counsel served the motions in limine
28 by mail the same day. Ex. Q (receipt for mailing on July 22, 2016). Defendant's

12

PLAINTIFF'S MOTION IN LIMINE NO. 4

counsel received Plaintiff's motions in limine that were sent via U.S. mail on Monday, July 25, 2016, the same day Plaintiff received the motion in limine sent by Defendant.

With respect to the level of detail regarding the proposed motions in limine, Defendant's own letter, which was sent first, also did not provide any explanation of the evidence in dispute or legal grounds for Defendant's position and provided only the titles of Defendant's anticipated motions. Ex. A.

With respect to Defendant's argument that Plaintiff's Motions in Limine "should be denied because Plaintiff fails to specify the evidence in dispute," Defendant did not identify the "testimony, exhibits, or specific matters" that it planned to use at trial until right before the motions in limine were due. And because they failed to meet and confer or timely provide their exhibit list to explain what evidence they were going to use, Plaintiff could not be more specific.

### B.     Dr. Udinsky's Testimony Is Inadmissible And Must Be Excluded.

Expert opinions based on speculative assumptions are *inadmissible*. Fed. R. Evid. 702; *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 861 (9th Cir. 2014). The basis of Plaintiff's motion to exclude Dr. Udinsky's testimony is not whether his opinion is "correct" or not, it is the fact that Dr. Udinsky's opinion is based on several unsupported and speculative assumptions, as discussed in detail above, and as a result his ultimate opinion is inadmissible. Expert opinions are only admissible if they are reliable, Fed. R. Evid. 702. It is well settled that opinions based on speculation and unsupported assumptions are unreliable. E.g., *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 861 (9th Cir. 2014). The cases cited by Defendant are inapposite. None of the cases address the admissibility of opinions based on unsupported or speculative assumptions. Instead, the cases address the tests applied in *other circuits* for admitting expert testimony where a party objects to the scope or manner of the expert's examination

of the plaintiff. *Best v. Lowe's Home Ctrs., Inc.*, 563 F3d 171, 181-182 (6th Cir. 2009) (discussing the Sixth Circuit's test for admissibility of differential-diagnosis methodology); *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F3d 72, 81 (1st Cir. 2004) (discussing First Circuit's plain error analysis where defendants objected to the scope of an expert's investigation); *Kudabeck v Kroger Co.*, 338 F.3d 856, 861(8th Cir. 2003) (discussing the Eighth Circuit's standard for admissibility of differential diagnosis opinions and holding that disagreeing with the expert's manner of examination was not sufficient to exclude the opinion).

Tellingly, Defendant's opposition does not refute any of Plaintiff's arguments regarding Dr. Udinksy's unsupported assumptions, and indeed they cannot. Dr. Udinsky's opinion is based on the speculative assumption that because most persons with criminal histories will offend again, Plaintiff will likely offend again, and therefore Plaintiff is not entitled to damages for lost earning capacity after he leaves prison. Dr. Udinsky never met with Plaintiff or discussed his current status with anyone, including whether Plaintiff had undertaken other steps to increase his employability before he was injured so any such opinion is a speculative assumption and not based on actual facts regarding Plaintiff's status as of the time he was injured. Such speculative assumptions are inadmissible.

Defendant also does not address the fact that Dr. Udinsky's opinion is based on the unsupported assumption that Plaintiff's only injury is his foot drop. Dr. Udinsky is clearly not qualified to opine on the extent of Plaintiff's injuries, and yet he limited the damages in his opinion based on this unsupported assumption.

Finally, with respect to Dr. Udinsky's impermissible legal conclusions, the fact that this case requires a bench trial does not change the fact that inadmissible evidence should be excluded. Expert testimony consisting of opinions on ultimate issues of law is inadmissible. *See Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058-60 (9th Cir. 2008); *Hangarter v. Provident Life and Accident*

14
PLAINTIFF'S MOTION IN LIMINE NO. 4

*Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (quoting *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002)).  Further, experts cannot instruct the fact-finder regarding the applicable law, which is the exclusive and distinct province of the trial court.  *See United States v. Geston*, 299 F.3d 1130, 1136 (9th Cir. 2002).  Dr. Udinsky's opinion instructs the court on the legal standards, and he repeatedly states that the damages are too speculative.  Such testimony is inadmissible and should be excluded.

Accordingly, Dr. Udinsky's testimony should be excluded.

## X. PLAINTIFF'S CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion in Limine No. 4.

DATED: August 5, 2016

Respectfully submitted,
**HAYSBERT MOULTRIE, LLP**

  */s/ Nazareth M. Haysbert*
Nazareth M. Haysbert, Esq.
*Attorney for Plaintiff*


EILEEN M. DECKER
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section

  */s/ Erika Johnson-Brooks*
ERIKA JOHNSON-BROOKS
RUTH M. KWON
Assistant United States Attorneys

Attorneys for UNITED STATES OF AMERICA